IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEVERLY J. HILL, )
)
       Plaintiff, )
) CIVIL ACTION
v. )
) No. 09-2161-CM-GBC
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
       Defendant. )
_____ )

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error as alleged by Plaintiff, the court recommends judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I. Background**

Plaintiff applied for DIB and SSI on December 22, 2005 alleging disability since May 5, 2005. (R. 80, 442).[1] The

---

[1]The decision states claimant alleges disability since May 24, 2004 (R. 16), but Plaintiff asserts this is incorrect (Pl.

applications were denied initially and upon reconsideration (R. 34-37), and Plaintiff requested an administrative law judge (ALJ) hearing. (R. 16). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Milan M. Dostal on May 8, 2008. Id. At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 16, 472-73). Thereafter, ALJ Dostal issued a decision finding Plaintiff is able to perform her past relevant work, and is therefore not disabled within the meaning of the Act. (R. 16-26).

The ALJ found that Plaintiff has severe impairments of stroke with mild left-sided body paralysis, and status/post left wrist fracture and open reduction and internal fixation of the right wrist; but that Plaintiff's impairments singly, or in combination, do not meet or medically equal the severity of one of the impairments in the Listing of Impairments. (R. 18-20). He summarized the record evidence, found that Plaintiff's allegations of symptoms are not credible, did not accord significant weight to the medical opinion of Dr. Sandra Edwards but accorded significant weight to the medical opinion of Dr.

---

Br. 1, n.1). Plaintiff filed earlier applications in 2004 alleging disability beginning May 24, 2004, which were denied at the administrative level and not further pursued, and those application are included in this record. (R. 84, 450). Plaintiff's applications in 2005 allege an onset date of May 5, 2005. (R. 80, 442). Plaintiff does not assert error requiring remand in the ALJ's statement of the allegedly incorrect onset date.

Kyle Timmerman, and assessed plaintiff with the residual functional capacity (RFC) for a range of light work limited by: the use of a walker or cane for uneven surfaces; only occasional climbing, stooping, kneeling, and crouching, with only moderate balancing and crawling; only frequent(but not constant) fine manipulation with the left hand; and the need to avoid unprotected heights and hazardous machinery. (R. 20-26). The ALJ credited the testimony of the vocational expert, and, based upon that testimony and the RFC assessed, determined Plaintiff is able to perform certain of her past relevant work. (R. 26). Because he found Plaintiff is able to perform past relevant work, the ALJ determined Plaintiff is not disabled within the meaning of the Act, and denied her applications. Id.

Plaintiff timely requested review of the ALJ's decision (R. 10-12), but the Appeals Council denied the request for review (R. 7-9). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 7); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the

record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her

age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If a plaintiff's impairments do not meet or equal the severity of a listed impairment, the Commissioner assesses her RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether claimant can perform past relevant work, and whether, when considering vocational factors of age, education, and work experience, she is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through

four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Because this case was decided at step four, the burden is at all times on Plaintiff to prove she is unable to perform past relevant work.

Plaintiff claims the ALJ erred in three respects in the decision at issue: in finding Plaintiff's allegations of symptoms not credible, in giving no significant weight to Dr. Edwards's treating physician opinion, and in finding that Plaintiff is able to perform past relevant work as a towel folder. The Commissioner argues that remand is inappropriate because the ALJ applied the correct legal standards in his determination, substantial evidence supports each finding in which Plaintiff alleges error, and the ALJ's statement that Plaintiff is able to perform past work as a "towel folder" (rather than "mail clerk") is merely a typographical error in heading number six of the decision. The court addresses the issues in the order presented by Plaintiff.

**III. Credibility Determination**

Plaintiff claims the ALJ erred in finding her allegations not credible. She argues that the ALJ "appears to question

whether or not Hill has actually suffered from a stroke," (Pl. Br. 12), but that Dr. Edwards recorded her impression at Plaintiff's office visit on April 15, 2008 "that Hill had recently had a stroke," id. at 13(citing(R. 407)).  She argues that "none of the records provided by Hill's treating physician indicate she believes Hill's falls were due to anything other than a stroke," id., and the ALJ erred in "focus[ing] on one statement in the record from ER personnel to support his contention that Hill's injuries are a result of alcohol use," which is not reflective of the record as a whole, id. at 13-14. Finally, she argues that the ALJ "failed to consider Hill's impairments as a whole," because even if her medications are effective in controlling her symptoms, "medications will not cure the partial paralysis of her left leg, arm and foot."  Id. at 14.

The Commissioner argues that the ALJ properly considered Plaintiff's subjective complaints, and adequately discussed his reasons for finding plaintiff's allegations not credible.  He argues that substantial evidence in the record supports the ALJ's credibility finding.

An ALJ's credibility determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Hackett, 395 F.3d at 1173.

Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Hackett, 395 F.3d at 1173(quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)).

Plaintiff's argument misses the deference due an ALJ's credibility determination, misconstrues the evidence, and fails to point to specific errors in the ALJ's credibility determination. Contrary to Plaintiff's argument, the ALJ did not question whether Plaintiff had a stroke, but specifically found that Plaintiff's severe impairments include "stroke with mild left-sided body paralysis." (R. 18).

Moreover, Plaintiff misconstrues Dr. Edwards's office notes. The April 15, 2008 notes do not reveal that Dr. Edwards was of the impression that Plaintiff had recently had a stroke. Rather, Dr. Edwards recorded that Plaintiff "Thinks she may have had a stroke." (R. 407). That the note records an "Impression" of "CVA" (cerebrovascular accident) and "TIA" (transient ischemic attack), may reveal Dr. Edwards's recognition that Plaintiff has had a TIA and/or a CVA in the past, but it by no means conclusively indicates a belief that Plaintiff had a recent

stroke. Further, even a recent stroke would not establish error in the ALJ's credibility finding, because the ALJ acknowledged the presence of stroke and its residuals. The credibility issue is not the existence of a stroke, but whether Plaintiff's allegations regarding the severity of the symptoms resulting from stroke are credible.

Plaintiff is correct that Dr. Edwards's office notes do not reveal a belief that Plaintiff's falls were due to other than stroke. However, the ALJ did not make a contrary finding. Moreover, it is proper for the ALJ to look at record evidence of intoxication and alcohol abuse in his credibility analysis. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987)(cited in Plaintiff's brief), directs that when there is a loose nexus between plaintiff's symptom-causing impairment, and the symptoms alleged, the ALJ is to consider all the evidence, both objective and subjective, in determining whether the plaintiff's allegations of symptoms are credible. Accord, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993); Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992). The decision shows that in his credibility analysis the ALJ in fact looked at the entire record, including Plaintiff's impairments as a whole.

With regard to the ALJ's reliance on reports of ER personnel regarding alcohol use, that report is a part of the record and is properly relied upon by the ALJ. As reported by the ALJ, the ER

record from April 17, 2006 reveals a note regarding a "long talk about her ETOH abuse and affects on her body." (R. 231)(quoted by the ALJ at (R. 21)). Moreover, as the ALJ noted, that was not the only instance suggesting alcohol abuse. (R. 23). Contrary to plaintiff's allegations, the record as a whole supports the ALJ's statements regarding alcohol use. Plaintiff's argument that medications will not cure the residuals of her stroke, while likely true, does not render the credibility finding erroneous. As noted above, the issue is not the existence of a stroke (or its residuals), but whether Plaintiff's allegations regarding the severity of the symptoms resulting from stroke are credible.

The court discerns at least ten reasons given by the ALJ to find that Plaintiff's allegations are not credible. (R. 23-24). (1) Plaintiff stopped working for reasons other than disability, and (2) there is no evidence of significant deterioration in Plaintiff's condition since she stopped working. (3) Physical examinations and diagnostic testing during the relevant period have been unremarkable. (4) Plaintiff abused alcohol during the relevant period. (5) Plaintiff failed to follow the recommendations of various doctors. Plaintiff (6) failed to take medications regularly, (7) failed to attend scheduled medical appointments, (8) reported no adverse side effects to medication, and (9) was not regularly taking strong pain medication. (10) Plaintiff alleged her doctor told her she has recurring

mini-strokes which cause loss of balance, but the record reveals no diagnosis of, or opinion regarding, mini-strokes. (R. 23-24).

Plaintiff does not directly allege error in any of the reasons given by the ALJ. Rather, she points to evidence she believes supports a contrary finding. In this context, Plaintiff's argument merely seeks to have the court reweigh the evidence. The court may not do so. As noted in the court's discussion of the legal standard applicable to judicial review of a decision of the Commissioner, the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Frantz v. Astrue, 509 F.3d 1299, 1300 (10th Cir. 2007); Hackett, 395 F.3d at 1172; White, 287 F.3d at 905. The starting point in the court's review is the rationale presented in the Commissioner's decision, and not what another party (or even the court) might view as a "proper" weighing of the evidence. 42 U.S.C. § 405(g). The mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's credibility determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084(citations, quotations,

and bracket omitted); accord, Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989)(quoting Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)). Plaintiff has shown no error in the ALJ's credibility determination.

**IV. Treating Physician Opinion**

Plaintiff argues that the ALJ erred in failing to give substantial weight to the opinion of her treating physician, Dr. Sandra Edwards. Plaintiff points to the evidence in support of her credibility argument, to Dr. Edwards's medical source statement, and to evidence that she consistently reported to health care providers with complaints of constant falling, left-sided weakness, and slurred speech; and argues that "Dr. Edwards's opinion is completely consistent with the entire medical record and should have been afforded substantial weight." (Pl. Br. 16).

A physician who has treated a patient frequently over an extended period of time is expected to have greater insight into the patient's medical condition. Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). The Tenth Circuit has explained the nature of the inquiry regarding a treating physician's medical opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Id. at 1300 (quoting SSR 96-2p). If

the opinion is well-supported, the ALJ must then determine whether the opinion is consistent with other substantial evidence in the record. Id. (citing SSR 96-2p). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

If the treating physician opinion is not given controlling weight, the inquiry does not end. Id. A treating physician opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. After considering the regulatory factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996)(quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

The ALJ considered the opinion in Dr. Edwards's medical source statement, and stated he did not afford it significant weight. (R. 24-25). He stated seven reasons to discount the opinion. (1) Dr. Edwards's opinion conflicts with substantial evidence in the record documenting less severe limitations. Dr. Edwards "did not adequately consider the entire record, including the (2) statements of collateral sources and the (3) objective findings of other treating physicians." (R. 25). (4) The

objective evidence does not support the level of severity suggested by Dr. Edwards. Dr. Edwards did not provide (5) diagnostic or (6) examination findings to support her opinion. And, (7) "it appears the report was made solely at the request of the claimant's attorney." (R. 25).

As with her credibility argument, Plaintiff did not begin with the ALJ's rationale for discounting Dr. Edwards's opinion. Plaintiff did not directly allege error in any of the reasons given by the ALJ. Rather, she points to evidence supporting her credibility argument, to Dr. Edwards's opinion, and to her allegations, and concludes that the opinion should have been given substantial weight. Such conclusory assertion is not persuasive. Plaintiff's argument merely seeks to have the court reweigh the evidence. As noted above, the court may not do so. Plaintiff has shown no error in weighing Dr. Edwards's opinion.

**V.     Past Relevant Work**

In her final argument, Plaintiff claims it was error for the ALJ to find that she could return to past work as a "towel folder," because "towel folder" was never identified as past work, the vocational expert never indicated that Plaintiff was able to perform work as a "towel folder," and it is unclear how the ALJ determined Plaintiff could perform such work. (Pl. Br. 17). The Commissioner argues that the ALJ's reference to "towel folder" was a typographical error, but that the ALJ properly

relied upon vocational expert testimony that a hypothetical individual with Plaintiff's characteristics would be able to perform work as a mail clerk.

The court will assume that all of plaintiff's argument with regard to work as a "towel folder" is correct, but nonetheless, it finds no reversible error at step four in the final decision. The court reproduces here the ALJ's entire step four analysis:

> The claimant has past relevant work as a mail clerk. After reviewing the documentary record and hearing the claimant's detailed explanation of her past relevant work, the vocational expert assessed the claimant's job as mail clerk as light exertion unskilled work as actually performed. The undersigned accepts the testimony of the vocational expert and so finds.
>
> Hypothetically assuming the claimant's residual functional capacity as found above, the vocational expert opined that the claimant is able to perform her past relevant work as a mail clerk, both as actually done and as generally done in the national economy. The undersigned accepts the testimony of the vocational expert and so finds.
>
> In comparing the claimant's residual functional capacity with the physical demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.
>
> The undersigned finds that the claimant is able to perform past relevant work.

(R. 26).

It is clear from this analysis that the ALJ found: that Plaintiff has past relevant work as a mail clerk, which is light, unskilled work; that Plaintiff can perform her past work as a

-15-

mail sorter as she actually did the work, and as it is generally done in the economy; and that the RFC assessed by the ALJ allows Plaintiff to perform her past relevant work as a mail sorter. Nevertheless, in the heading for his step four analysis, the ALJ stated, "The claimant is capable of performing past relevant work as a <u>towel folder</u>." (R. 26)(emphasis added). There is no other mention in the record or in the decision of a "towel folder." A fair reading of the analysis leaves no doubt that the ALJ found Plaintiff capable of performing her past relevant work as a mail clerk, and that the heading, which suggests a capacity to perform work as a "towel folder," is merely a typographical error. Therefore, any error is harmless, and remand to correct the error is unnecessary. <u>E.g.</u>, <u>Ramsey v. Barnhart</u>, No. 03-5194, 117 Fed. Appx. 638, 641 (10th Cir. Sept. 21, 2004)(affirming the district court and finding a typographical error is not a fatal ambiguity); <u>Butterick v. Astrue</u>, No. CIV-09-986-D, 2010 WL 2610790 at *7 (W.D. Okla. May 7, 2010) ("typographical error appearing in the ALJ's decision does not warrant a remand"); <u>Flores v. Sullivan</u>, Civ. A. No. 91-2242-O, 1992 WL 221523 at *3, n.1 (D. Kan. Aug. 24, 1992)(inconsistency in the decision may be a typographical error and is, in the circumstances, harmless).

In her step four argument, Plaintiff also stated, "the ALJ relied on the VE's response to a hypothetical question that does not accurately depict Hill's residual functional capacity." To

the extent Plaintiff may be attempting to identify an additional error, she does not explain how the hypothetical is deficient, and the court finds no error.  The court's review of the hypothetical presented to the vocational expert reveals that it is identical to the RFC assessed and included in the decision.  Compare, (R. 20); with (R. 498-500).

The court finds no error revealed in any argument presented in Plaintiff's Brief.

**IT IS THEREFORE RECOMMENDED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision of the Commissioner.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 20th day of July 2010, at Wichita, Kansas.

s:/   Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**