# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BEVERLY J. HILL, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | Case No. 09-2161-CM |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff seeks review of defendant's denial of disability insurance benefits and supplemental security income payments. 42 U.S.C. §§ 405(g) and 1383(c)(3) *et seq*. The court referred the matter to Magistrate Judge Bostwick for a report and recommendation pursuant to Fed. R. Civ. P. 72(b). The case was further referred to Magistrate Judge Cohn pursuant to an order reassigning the case. Pending before the court is the Report and Recommendation of Magistrate Judge Cohn (Doc. 17). Plaintiff filed an objection to the Report and Recommendation (Doc. 18) and defendant responded (Doc. 19).

The magistrate judge found that there were no errors committed by the Administrative Law Judge (ALJ), and that the record supported the ALJ's findings that plaintiff is not disabled. Further, the magistrate judge recommends that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), affirming the Commissioner's decision.

Plaintiff objects to the magistrate judge's finding that the ALJ evaluated and weighed

plaintiff's treating source physician, Dr. Sandra Edwards's opinion appropriately. Defendant responds by arguing that the ALJ set forth specific reasons for discounting the treating physician's opinion, that the Residual Functional Capacity (RFC) assessment was supported by substantial evidence in the record, and that the court should affirm the ALJ's finding.[1]

## I.     Standard of Review

When reviewing a magistrate judge's report and recommendation, the district judge reviews *de novo* the findings that pertain only to the objections. 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

This court reviews the underlying decision of the Social Security Commissioner in order to determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). After a thorough review of the record, and for the reasons stated below, plaintiff's objections are overruled, and this court adopts in its entirety the magistrate judge's report and recommendation.

## II.     Analysis

---

[1] Although defendant's response to plaintiff's objection is only two pages in length, defendant opposes plaintiff's objection for the reasons previously argued in his social security response brief. (Doc. 19, at 1.)

Defendant objects to the magistrate judge's finding that there was no error committed by the ALJ when she did not give substantial weight to the medical source statement prepared by plaintiff's treating physician, Dr. Sandra Edwards. However, after reviewing the entire record, evidence shows that the ALJ properly supported her finding that Dr. Edwards's evaluation of plaintiff's condition is significantly more limiting than other evaluators' opinions regarding plaintiff's condition.

"'In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.'" *Miller v. Barnhart*, 296 F. Supp. 2d 1269, 1274 (D. Kan. 2003) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)) (internal quotation marks omitted). An ALJ must give controlling weight to a treating physician if both of the following conditions are met: (1) if the opinion is a "medically acceptable clinical and laboratory diagnostic technique;" and (2) if the opinion is "consistent with other substantial evidence in the record." *Watkins*, 350 F.3d at 1300. An opinion is not given controlling weight "if the opinion is deficient in either of these respects." *Id*.

If one of the conditions is not met, the ALJ must (1) "weigh the opinion 'using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927' and (2) 'give good reasons in the notice of determination or decision for the weight [the ALJ] ultimately assigns the opinion.'"[2]

---

[2]The factors as set out in 20 C.F.R. § 404.1527 include:
"(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion."
*Watkins*, 350 F.3d at 1301.

*Andersen v. Astrue*, 319 F. App'x 712, 718 (quoting *Watkins*, 350 F.3d at 1300–01)) (internal quotation marks and alteration omitted). The ALJ does not need to explain each factor in the decision, but the record should be clear "that the ALJ considered every factor in the weight calculation." *Id.* at 719 (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) and 20 C.F.R. § 404.1527(d)(2)) (emphasis omitted). "The decision must articulate the ALJ's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight." *Id*.

The ALJ considered plaintiff's medical evidence going back to 2004, summarizing numerous reports created by a number of medical professionals from Providence Medical Center, the Kansas Disability Determination Service, and the Wyandot Center, in addition to Dr. Edwards's medical source report, and the physical residual functional capacity assessment. (R. 20–26.) The ALJ acknowledged that a treating physician's medical opinion should be given "special significance" and properly set out why she was not giving significant weight to Dr. Edwards's opinion. *Id*. at 25. The ALJ listed the restrictions Dr. Edwards placed on plaintiff in the medical source statement, and noted that Dr. Edwards failed to substantiate her statements with either diagnostic testing or examination findings. *Id*.

Dr. Edwards notes in her opinion that at the time of the preparation of her report, this was only the second time she had seen plaintiff–once in March 2006, and once at the time she issued her report, in August 2007. Although she states that she had reviewed the record in preparing the report, she does not indicate which evidence she was relying on to support her findings. Regarding plaintiff's left hand, there is evidence in the record showing that examiners found no wrist fractures, dislocation, other bone abnormalities, or active joint problems; and further found

4

that with both hands, she could pick up a coin, button buttons, and open a door. (R. 272–73, 282.)

Evidence in the record also does not support Dr. Edwards's extensive limitations of the use of plaintiff's left foot. There is evidence in the record that although plaintiff used a walker and/or cane, examiners did not believe that it was required, and further, that plaintiff had no difficulty getting on and off the examining table, and moderate difficulty with walking, squatting and rising from the position, and hopping. (R. 255, 317.) Further, examination of her left foot and ankle revealed a fracture of plaintiff's fifth metatarsal of her left foot, but it was found that the "osseous structures of her ankle and foot were intact and well aligned" and no restrictions were placed on plaintiff's ability to walk. (R. 403, 441.) After a thorough review of the record, the evidence does not sufficiently support the extreme limitations placed on plaintiff by Dr. Edwards. The court finds that there is ample evidence in the record to support the ALJ's rejection of plaintiff's treating physician's medical source statement.

This court does not believe it was erroneous for the magistrate judge to have found that the ALJ properly substantiated her findings when she rejected Dr. Edwards's evaluation report, and gave it less than substantial weight. After reviewing the entire record *de novo*, this court agrees with the magistrate judge's report, and finds that plaintiff is not disabled as defined by §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act.

**IT IS THEREFORE ORDERED** that defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 18) is overruled.

**IT IS FURTHER ORDERED** that the May 26, 2009 Report and Recommendation (Doc. 17) is hereby adopted by this court and that the Commissioner's decision is affirmed.

Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. §405(g).

The Clerk of the Court is directed to enter Judgment accordingly.

Dated this 30th day of August, 2010 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**